UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| WILLIE DENTIGANCE, | ) | CASE NO. 1:07 CV 939 |
| | ) | |
| Plaintiff, | ) | JUDGE JAMES S. GWIN |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| ADULT PAROLE AUTHORITY, | ) | AND ORDER |
| | ) | |
| Defendant. | ) | |

On March 30, 2007, plaintiff pro se Willie Dentigance filed this action under 42 U.S.C. § 1983 against the Ohio Adult Parole Authority. In the complaint, plaintiff alleges he was unfairly denied release on parole. He seeks monetary damages to compensate for his continued incarceration.

**Background**

Mr. Dentigance was convicted on one count of grand theft and one count of aggravated burglary in Lake County, Ohio, and 7 counts of aggravated robbery, 2 counts of rape, one count of felonious assault, six counts of kidnaping, and one count of aggravated burglary in Cuyahoga County, Ohio. He was sentenced to a total aggregate indefinite sentence of 25-110 years in prison. Mr. Dentigance served part of his sentence and subsequently was released on parole. While on parole, Mr. Dentigance was arrested in Portage County, Ohio on charges of drug

trafficking, possession of drugs, and tampering with evidence. He was sentenced on December 15, 2004 to two years incarceration for the possession and evidence tampering charges, and eleven months for the drug trafficking charge. The sentences were to be served concurrent to each other.

Mr. Dentigance was provided a parole hearing on September 18, 2006. At that hearing, the parole board considered that Mr. Dentigance was on parole for "numerous violent crimes, including rape [when he] was convicted of new felonies." (Compl. Ex. A.) They further noted that "while incarcerated on the new commitment, in 9/05 he was found guilty at RIB of Rule 11, non-consensual sexual conduct with another" and added that "time assessed is for violation behavior while on parole and institutional misconduct." (Compl. Ex A.) Mr. Dentigance's parole hearing was continued to July, 2008.

In November 2006, Mr. Dentigance filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 in this court, <u>Dentigance v. Ohio</u>, Case No. 5:06 CV 2856(N.D. Ohio filed Nov. 27, 2006 )(J. Boyko). In his petition, Mr. Dentigance alleged that the OAPA's denial of parole after he served his time for the Portage County drug offenses resulted in him being held in prison beyond the expiration of his sentence. He also argued, citing <u>Hernandez v. Kelly</u>, 108 Ohio St. 3d 395, 396-98 (2006), that he had no state remedies to exhaust and could proceed directly to federal court. United States District Judge Christopher A. Boyko found that Mr. Dentigance had taken one sentence in that opinion out of context and misinterpreted its meaning. Contrary to Mr. Dentigance's assertions, <u>Hernandez</u> specified that a prisoner claiming to be held beyond the expiration of his sentence by the parole board must file a petition for a writ of habeas corpus under Ohio Revised Code § 2725.04. The petition was dismissed without prejudice on February 9, 2007.

Mr. Dentigance filed the within action under 42 U.S.C. § 1983 on March 30, 2007

2

making assertions substantially similar to those he made in his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He claims that the OAPA should have granted his release on parole when he finished serving his sentence for the drug conviction from Portage County, Ohio. He challenges the parole board's statement that he was on parole for "numerous violent crimes, including rape [when he] was convicted of new felonies...[and] that "while incarcerated on the new commitment, "in 9/05 he was found guilty at RIB of Rule 11, non-consensual sexual conduct with another." (Compl. Ex. A.) Mr. Dentigance asserts that he was actually found guilty of making unwanted sexual advancements and statements, which he claims is different from non-consensual sexual conduct. He contends that the OAPA used the latter offense in determining the amount of time to continue his parole hearing. He believes that his behavior was more appropriately classified as a conduct rule 14 violation which adds only 2 months on to the recommended guideline range. He claims his assertion has the support of one of the OAPA board members; however, to date, he has not received a new parole hearing or release. He once again states that he has exhausted his state court remedies, citing Hernandez and contends that he was unlawfully deprived of his liberty when his parole hearing was continued. He seeks monetary damages for his "wrongful imprisonment." (Compl. at 5.)

## Analysis

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an in forma pauperis action under 28 U.S.C. §1915(e) if it fails to state a claim

upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to §1915(e).

To establish a prima facie case under 42 U.S.C. § 1983, plaintiff must assert that a person acting under color of state law deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981). Mr. Dentigance has failed to establish either of these elements.

### A. Rights Secured by United States Constitutional

As a threshold matter, Mr. Dentigance has no constitutional right to release on parole. Jago v. Van Curen, 454 U.S. 14, 20 (1981). Although he points out that he has served his sentences for the drug related convictions from Portage County, he neglects to factor in the total aggregate indefinite sentence of 25-110 years in prison he is still serving for grand theft and aggravated burglary in Lake County, Ohio, and aggravated robbery, rape, felonious assault, kidnaping, and aggravated burglary in Cuyahoga County, Ohio. "There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." Greenholtz v. Inmates of the Nebraska Penal and Correctional Complex, 442 U.S. 1, 7 (1979). The decision to grant or deny parole to Ohio prisoners lies wholly within the discretion of

---

[1] An in forma pauperis claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

the Ohio Adult Parole Authority. Van Curen v. Jago, 641 F.2d 411, 414 (6th Cir. 1981). Because Mr. Dentigance is being held on other sentences which he has yet to fully serve, he has no right to release prior to the expiration of his maximum sentence.

Furthermore, Mr. Dentigance cannot challenge the denial of his release on parole in a civil rights action. A prisoner may not raise claims in a civil rights action if a judgment on the merits of those claims would affect the validity of his conviction or sentence, unless the conviction or sentence has been set aside. See Edwards v. Balisok, 520 U.S. 641, 646 (1997); Heck v. Humphrey, 512 U.S. 477, 486 (1994). The holding in Heck applies whether plaintiff seeks injunctive, declaratory or monetary relief. Wilson v. Kinkela, No. 97-4035, 1998 WL 246401 at *1 (6th Cir. May 5, 1998). In this case, Mr. Dentigance is clearly claiming that he is being wrongfully incarcerated beyond the expiration of his sentence. Although for the reasons stated above, the court finds this argument wrong, it would nevertheless call into question the validity of his sentence and continued confinement. In order for Mr. Dentigance to assert his claims for "wrongful imprisonment," he would therefore have to allege that a state court or a federal habeas corpus decision found his incarceration to be unlawful. His federal petition for a writ of habeas corpus was dismissed without prejudice for failing to exhaust state court remedies. Rather than pursue this option, Mr. Dentigance filed a civil rights action to collaterally attack the fact of his confinement. He cannot raise his challenge in this type of action.

### B. Person Acting under Color of State Law

Finally, even if Mr. Dentigance could pursue his claim under 42 U.S.C. § 1983, he cannot sue the OAPA for damages. The Eleventh Amendment is an absolute bar to the imposition of liability upon state agencies. Latham v. Office of Atty. Gen. of State of Ohio, 395 F.3d 261, 270

(6th Cir. 2005). Moreover, states and their subdivisions are not "persons" for the purposes of §1983 litigation. Will v. Michigan Dept. of State Police, 491 U.S. 58 (1989); Whittington v. Milby, 928 F.2d 188, 193 (6th Cir. 1991); Fennell v. Simmons, No. 97-3633, 1998 WL 552830 (6th Cir. Aug. 13, 1998).

**Conclusion**

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.

Dated: June 25, 2007                    *s/     James S. Gwin*
                                        JAMES S. GWIN
                                        UNITED STATES DISTRICT JUDGE

---

[2] 28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.